UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BLALOCK,<br><br>                         Petitioner,<br><br>      v.<br><br>P. KUNTZ, ET AL.,<br><br>                        Respondent. | Case No. 5:20-cv-2298-GW (MAR)<br><br>MEMORANDUM AND ORDER DISMISSING CASE |

### I.

### **INTRODUCTION**

On October 22, 2020, Robert Blalock ("Plaintiff") constructively filed[1] a pro se Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("section 1983"). ECF Docket No. ("Dkt.") 1. On January 27, 2021, the Court dismissed the Complaint with leave to amend ("ODLA"), granting Plaintiff thirty (30) days to file a First Amended Complaint ("FAC"). Dkt. 11 at 8. To date, Plaintiff has not filed a FAC. For the reasons below, the Court **DISMISSES** this action, without prejudice.

///

///

---

[1] Under the "mailbox rule", when a pro se prisoner gives prison authorities a pleading to mail to the court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

///

2 ///

## II.

## **BACKGROUND**

On October 22, 2020, Robert Blalock , proceeding <u>pro se</u> and <u>in forma pauperis</u> ("IFP"), constructively filed a Civil Rights Complaint pursuant to section 1983. ECF Docket No. ("Dkt.") 1 at 12. On January 27, 2021, the Court issued an Order Dismissing the Complaint with Leave to Amend ("ODLA"), granting Plaintiff thirty (30) days to file a First Amended Complaint ("FAC"). Dkt. 11 at 8. After receiving notice of Plaintiff's change of address, the Court extended the deadline to April 2, 2021. Dkts. 13, 15.

On April 7, 2021, Plaintiff filed what appeared to be an "Objection to the Magistrate Judge[']s Pretrial Order." Dkt. 17. In response, the Court noted that the authority that Plaintiff cited was inapplicable because the District Judge, not the Magistrate Judge, had issued the Order Plaintiff objected to. Dkt. 18. The Court then ordered Plaintiff to respond to the Order, clarifying whether Plaintiff wanted an extension of time to file an FAC. <u>Id.</u> Plaintiff responded to the Order on May 24, 2021, by moving for an extension of ninety (90) days. Dkt. 19. On May 27, 2021, the Court granted his motion but only for 30 days and extended the deadline to file an FAC to June 28, 2021. Dkt. 20.

On July 27, 2021, this Court issued an Order to Show Cause ("OSC") ordering Plaintiff to show by August 10, 2021 why this action should not be dismissed for failure to prosecute. Dkt. 21. Plaintiff was warned that "[f]ailure to respond to the Court's Order **may** result in the dismissal of the action." <u>Id.</u> (emphasis added).

On September 3, 2021, this Court issued a second OSC ordering Plaintiff to respond to the Court's previous Orders. Dkt. 22. Plaintiff was warned that he "must comply…**by September 15, 2021,** or this action <u>will</u> be dismissed for failure to

1  prosecute." Dkt. 22 (emphasis in original). Plaintiff has not corresponded with the
2  Court at all since May 24, 2021.

### III.
### DISCUSSION

**A.  APPLICABLE LAW**

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629–30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five (5) factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

"[The Ninth Circuit] 'may affirm dismissal where at least four factors support dismissal . . . or where at least three factors "strongly" support dismissal.'" Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)). In a case involving sua sponte dismissal, however, the fifth Henderson factor regarding the availability of less drastic sanctions warrants special focus. Hernandez, 138 F.3d at 399.

///
///

**B.     ANALYSIS**

    **1.     The public's interest in expeditious resolution of litigation**

In the instant action, the public's interest in expeditious resolution of litigation weighs in favor of dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quoting Yourish, above) (internal quotation omitted)). Plaintiff has not filed a First Amended Complaint in compliance with the Court's January 27, 2021 Order Dismissing the Complaint with Leave to Amend ("ODLA") or otherwise responded to the Court's July 27, 2021 OSC. In fact, Plaintiff has not corresponded with the Court at all since he filed his Motion for an Extension of Time on May 24, 2021. Dkt. 19. Given that Plaintiff has failed to interact with the Court for over four (4) months, this factor weighs in favor of dismissal. See Dkt. 19; see also Pagtalunan, 291 F.3d at 642 (finding that the plaintiff's failure to pursue the case for almost four (4) months weighed in favor of dismissal).

    **2.     The Court's need to manage its docket**

The second factor—the Court's need to manage its docket—likewise weighs in favor of Dismissal. Courts have "the power to manage their dockets without being subject to the endless vexatious noncompliance of litigants." See Ferdik, 963 F.2d at 1261. As such, the second factor looks to whether a particular case has "consumed . . . time that could have been devoted to other cases on the [Court's] docket." See Pagtalunan, 291 F.3d at 642; Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) ("[R]esources continue to be consumed by a case sitting idly on the court's docket.").

On January 27, 2021, the Court issued an Order Dismissing the Complaint with Leave to Amend ordering Plaintiff to file a FAC within thirty (30) days of the service date of the Order. Dkt. 11. The ODLA explicitly cautioned Plaintiff "failure to timely file a First Amended Complaint in conformity with this Order may result in the dismissal of the action." Id. at 9.

1       On July 27, 2021, after Plaintiff failed to respond to the ODLA, the Court issued an OSC why the Complaint should not be dismissed for lack of prosecution. Dkt. 21.  The Court issued a second OSC on September 3, 2021, warning that failure to respond will result in dismissal.  Dkt. 22.

      Plaintiff has failed to comply, or otherwise respond, to any of the Court's Orders, all of which warned Plaintiff that his failure to comply could or would result in the recommended dismissal of the Complaint.  See Dkts. 11 at 9; 21; 22.  Plaintiff's failure to prosecute and follow Court Orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to or cannot litigate this action diligently.  Consequently, the Court's need to manage its docket favors dismissal here.

### 3. The risk of prejudice to Defendant

      The third factor—prejudice to Defendant(s)—also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendant arises when plaintiffs unreasonably delay prosecution of an action.  See In re Eisen, 31 F.3d 1447, 1452–53 (9th Cir. 1994) ("[T]he failure to prosecute diligently is sufficient by itself to justify dismissal . . . [t]he law presumes injury from unreasonable delay.").

      Nothing suggests such a presumption is unwarranted in this case.  Plaintiff has not provided any reason for his failure to comply with either the Court's ODLA or OSC and for his failure to communicate with the Court since he filed his Motion on May 24, 2021.  Dkt. 19.  Given the length of the delay, the Court finds Plaintiff's delay in prosecuting this case to be unreasonable.  Thus, prejudice is presumed and weighs in favor of dismissal.  See, e.g., In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d at 1227 ("The law . . . presumes prejudice from unreasonable delay.").

### 4. Public policy favoring disposition on the merits

      The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal.  See In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d at 1228.  Here, as it usually does, the fourth factor weighs against

1  dismissal.  It is, however, Plaintiff's responsibility to move towards disposition at a
2  reasonable pace and avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley,
3  942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged this responsibility
4  despite having been:  (1) instructed on his responsibilities; (2) granted sufficient time
5  in which to discharge them; and (3) warned of the consequences of failure to do so.
6  See Dkts. 11 at 9; 21; 22.  Under these circumstances, and without any other
7  information from Plaintiff, the policy favoring resolution of disputes on the merits
8  does not outweigh Plaintiff's failure to obey Court Orders or to file responsive
9  documents within the time granted.

### 5. Availability of less drastic alternatives

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal.  A "district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson, 779 F.2d at 1424.  Less drastic alternatives to dismissal include warning a party that dismissal could result from failure to obey a court order.  See Malone, 833 F.2d at 132 n.1.  Further, "a district court's warning to a party that his [or her] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."  Ferdik, 963 F.2d at 1262 (citations omitted).

Here, the Court cannot move the case toward disposition without Plaintiff's compliance with Court Orders or participation in this litigation.  Plaintiff has shown he is either unwilling or unable to comply with Court Orders by filing responsive documents or otherwise cooperating in prosecuting this action.  Given this record, the Court finds that any less drastic alternatives to dismissal would be inadequate to remedy Plaintiff's failures to obey Court Orders and to prosecute.

### 6. Summary

Finally, while dismissal should not be entered unless Plaintiff has been notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519,

1523 (9th Cir. 1990), the Court has warned Plaintiff about the potential dismissal in the January 27, 2021 ODLA and in two (2) separate OSCs.  See Dkts. 11 at 9; 21; 22.

As discussed above, four (4) of the Rule 41(b) factors weigh in favor of dismissal.  Accordingly, this action is subject to dismissal.

## IV.
## ORDER

**IT IS THEREFORE ORDERED THAT** Petitioner's case is **DISMISSED** without prejudice.

Dated:  October 8, 2021

HONORABLE GEORGE H. WU
United States District Judge

Presented by:

MARGO A. ROCCONI
United States Magistrate Judge